COMMONWEALTH *vs.* WILLIAM C. BURNS. October 14, 1983. *Evidence,* Sexual conduct, Relevancy and materiality. *Practice, Criminal,* Argument by prosecutor.

Following a Superior Court trial before a jury, the defendant was found guilty of assault and battery on an indictment that charged un-

natural rape (G. L. c. 265, § 22). On appeal the defendant raises two issues: (1) that the judge erroneously denied his pretrial motion, filed pursuant to G. L. c. 233, § 21B (rape-shield statute), to admit certain evidence; (2) that the prosecutor in his summation to the jury made inflammatory remarks that constituted reversible error.

1. The defendant was acquitted of that portion of the indictment that charged him with unnatural rape. Yet he asks us to consider his contention that the judge erred in refusing to admit under the exception in the second sentence of the rape-shield statute evidence of specific instances of prior sexual activity between the victim and the defendant. Because of his acquittal there is no need for us to discuss the issue. Moreover, the record shows that the defendant raised the defense of alibi and at no time did the defendant claim that the victim had consented to the alleged assault. Compare *Commonwealth* v. *Grieco*, 386 Mass. 484, 486 (1982).

2. The defendant claims that the prosecutor overstepped permissible bounds in two instances in his closing argument to the jury. At trial, one Walsh was called as a witness for the defendant. He testified that he was incarcerated at Massachusetts Correctional Institution, Concord, on several charges, one of which was intimidating a witness, the victim. He testified that the victim had accused the defendant of taking money from her and stated that she would "get" the defendant and would "fix" him. The Commonwealth objected to a portion of his testimony alleging that the witness was trying to place before the jury evidence, which had been barred by the judge, of prior sexual conduct between the victim and the defendant. The judge sustained the objection. In his closing argument the prosecutor accused the witness of trying to "sneak" something in evidence which had been barred by the judge. There was no objection by the defendant. Any error by the prosecutor, if there was one, was cured by the judge in his instructions to the jury that closing arguments by counsel are not evidence.

During cross-examination of Walsh, several of his criminal convictions, including one for intimidation of the victim, were introduced in evidence. At that time, the judge gave specific instructions as to the limited role that criminal convictions should play during the jury's deliberations. During the course of his closing argument, the prosecutor referred to the conviction of the witness for intimidating the victim and in a confused, rambling manner attempted to invite the jury to give the conviction more weight than that to which it was entitled. There was prompt objection, and the judge ordered the prosecutor to "stay away from it." During his jury instructions, the judge repeated to the jury the instruction in regard to criminal convictions and also stated that closing arguments are not evidence. We are satisfied that the curative instructions of the judge were adequate. *Commonwealth* v. *Storey*, 378 Mass. 312, 324 (1979).

*Judgment affirmed.*

*Susan G. Kauffman* for the defendant.

*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.